David R. Markham (SBN 071814)
R. Craig Clark (SBN 129219)
James M. Treglio (SBN 228077)
Laura M. Cotter (SBN 259445)
**CLARK & MARKHAM LLP**
600 B Street, Suite 2130
San Diego, CA 92101
Telephone: (619) 239-1321
Facsimile: (619) 239-5888

Nicholas Wagner (SBN 109455)
Andrew B. Jones (SBN 076915)
Daniel M. Kopfman (SBN 192191)
**LAW OFFICES OF WAGNER & JONES**
111 E. Herndon, Suite 317
Fresno, CA 93720
Telephone: (559) 449-1800
Facsimile: (559) 449-0749

Attorneys for Plaintiffs
JAMES BURDA, LAUREL HESS,
LORI CALLISON, CANDEE ERWIN,
SHIRLEY PALAZZO, and JOYCE SCHEMEL

Curtis A. Graham, (SBN 215745)
Michelle Rapoport, (SBN 247459)
**FORD & HARRISON LLP**
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401

Attorneys for Defendant
FIDELITY NATIONAL MANAGEMENT SERVICES, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BURDA, an individual, LAUREL HESS, an individual, LORI CALLISON, an individual, CANDEE ERWIN, an individual, SHIRLEY PALAZZO, an individual, JOYCE SCHEMEL, an individual, on behalf of themselves, and all persons similarly situated,<br><br>Plaintiffs,<br><br>v. | Case No. 8:11-cv-00247 JVS MLGx<br><br>Assigned to Judge V. Selna<br><br>**CLASS ACTION**<br>**JURY TRIAL DEMANDED**<br><br><br>**JOINT RULE 26(f) REPORT** |

FIDELITY NATIONAL MANAGEMENT SERVICES, LLC., a Delaware limited liability company doing business in the State of California, and DOES 1 through 100, Inclusive.

     Defendants.

## A. SYNOPSIS:

Plaintiffs contend they were employed by Fidelity National Management Services, LLC ("DEFENDANT"). Plaintiff JAMES BURDA contends he was employed as a "Title Officer" for from approximately November 2008 until approximately August 2010; Plaintiff LAUREL HESS contends she is currently employed as an "Assistant Title Officer" for DEFENDANT and has held that position since approximately November 2008; Plaintiff LORI CALLISON contends she was employed as an "Escrow Officer" for DEFENDANT from approximately November 2008 until approximately January 2011; Plaintiff CANDEE ERWIN contends she was employed as an "Escrow Officer" for DEFENDANT from approximately November 2008 until approximately April 2010; Plaintiff SHIRLEY PALAZZO contends she was employed as an "Assistant Escrow Officer" for DEFENDANT from approximately November 2008 until approximately January 2010; Plaintiff JOYCE SCHEMEL contends she was employed as an "Assistant Escrow Officer" and also an "Escrow Officer" for DEFENDANT at differing times during the period from approximately November 2008 until approximately November 2010.

Plaintiffs filed their Complaint on January 5, 2011. Defendant filed and served its Answer on February 9, 2011, and removed the case from state to district court the same day.

## B. LEGAL ISSUES:

  1. Claims

Plaintiffs' claims are as set forth in their Complaint and include the following causes of action: Failure to pay wages owed in violation of Cal. Lab. Code §§204

and 218; Failure to pay overtime compensation in violation of Cal. Lab. Code §§ 510, 1194, and 1198; Unlawful wage deductions in violation of Cal. Lab. Code §221; Failure to reimburse for business expenses in violation of Cal. Lab. Code § 2802; Failure to provide meal and rest periods in violation of Cal. Lab. Code §§226.7 and 512; Failure to itemize pay statements in violation of Cal. Lab. Code § 226; and Unfair competition in violation of Cal. Bus. & Prof. Code § 17200 et seq.  Plaintiffs contend the legal issues in this case include, but are not limited to:

    a.    Whether Plaintiffs and putative class members were improperly classified as exempt employees;

    b.    Whether Plaintiffs and putative class members performed work for which they were not compensated and/or performed work for which they were not properly compensated;

    c.    Whether Plaintiffs and putative class members worked more than eight (8) hours in a day and/or worked more than forty (40) hours in a week and did not receive overtime compensation for each overtime hour worked at the "regular rate of pay" as required by Cal. Labor Code §510;

    d.    Whether Plaintiffs and class member were suffered or permitted to work without an off duty meal and/or rest period as required by California Labor Code §512;

    e.    Whether Defendant failed to itemize pay statements, in violation of California Labor Code §226;

    f.    Whether Defendant made unlawful wage deductions, in violation of California Labor Code §221;

    g.    Whether Plaintiffs can certify this lawsuit as a class action under F.R.C.P. §23.

2.    Defendant's affirmative defenses are set forth in Defendant's Answer to Plaintiffs' Class Action Complaint, and include, but are not limited to: Plaintiffs' claims are barred by the statute of limitations; Defendant committed no Labor Code

violations; Defendant at all times acted in good faith and, therefore, no penalties are available under the Labor Code; and the matter is not suitable for class treatment.

C. **DAMAGES**

    1. Plaintiffs' statement:

    Plaintiffs claim the following damages:

        a. Payment of overtime wages;

        b. Payment of meal period premiums;

        c. Payment of interest at 10%;

        d. Payment of Cal. Labor Code §226 penalties;

        e. Payment of Cal. Labor Code §203 waiting time penalties.

Plaintiffs contend the realistic range of potential damages cannot be estimated until a determination is made on the propriety of class certification. However, Defendants estimate damages of at least $12,281.00 in their Petition for Removal at 6:8-6:11.

    2. Defendant's statement:

Defendant contends no damages are due, as Plaintiffs cannot establish any Labor Code violation, and class treatment for Plaintiffs' claims is inappropriate. Defendant's estimate of Plaintiff's damages for purposes of removal are based solely on Plaintiffs' allegations in the Complaint.

D. **INSURANCE:**

There is no insurance applicable to this case.

E. **MOTIONS:**

Plaintiffs anticipate filing their motion for class certification approval on or about June 2012 and may amend to name employers; possibly to include Fidelity National Title Insurance Corporation, Fidelity National Title, and Fidelity National Financial. Defendant does not believe that amount of time is warranted. Discovery has just commenced which may develop facts to support additional claims. Plaintiffs and Defendant do not anticipate filing any motions to transfer venue.

**JOINT RULE 26(f) REPORT**  4

F. **DISCOVERY AND EXPERTS:**

1. No changes in the disclosures under R. 26(a) are needed;

2. Discovery should be conducted in phases with pre-certification going first, a deadline for fact (non-expert) discovery, and a subsequent deadline for expert discovery. The parties suggest the following deadlines:

   a. Trial: Plaintiffs: August 6, 2013; Defendant: April 3, 2012;

   b. Non-expert discovery cut-off: Plaintiffs: May 20, 2013; Defendant: January 16, 2012;

   c. Expert discovery cut-off and designation of experts deadline: Plaintiffs: June 28, 2013; Defendant: February 27, 2012;

   d. Deadline to supplement expert disclosure: Plaintiffs: July 14, 2013; Defendant: March 12, 2012.

3. Discovery:

   a. Plaintiffs require discovery to determine the identification of the actual or defacto employers and location of all putative class members employed by Defendant in any positions ever held by Plaintiffs at any time during the class period. Plaintiffs intend to take the depositions of Persons Most Knowledgeable regarding the identity of employers of the class, data retention, and to determine the wages, hours, job duties, and job classifications of class members. In addition, Plaintiffs intend to seek electronic discovery to determine what electronic evidence in Defendant's possession pertaining to the wages, hours, and working conditions for the class.

   b. Defendant intends to propound written discovery to Plaintiffs and, potentially, other putative class members to determine the basis for their claims. Defendant also intends to take the depositions of Plaintiffs and, potentially, other putative class members.

4. No discovery has yet been conducted;

5. Plaintiffs request that the limit on oral depositions be increased to 15, and the limit on interrogatories be increased to 100. As stated above, Defendant may seek to take the depositions of a sampling of class members in addition to Plaintiffs.

**G.  DISPOSITIVE MOTIONS:**

In order to narrow the issues for trial, Plaintiffs anticipates filing a partial dispositive motion on Defendant's affirmative defenses set forth in Defendant's Answer to Plaintiffs' Class Action Complaint. Defendant may file a partial summary judgment as to certain of Plaintiffs' claims.

**H.  SETTLEMENT AND SETTLEMENT MECHANISM:**

The parties agree to an early settlement conference.

**I.  TRIAL ESTIMATE:**

Plaintiffs contend that, providing an estimate of the time required for trial is premature at this time. Defendant contends that this matter should not proceed to trial as a class action. However, should it proceed to trial on a class basis, Defendant estimates trial will last 15 days.

**J.  TIMETABLE:**

The parties' proposed timetable is submitted separately.

**K.  OTHER ISSUES:**

There are several cases pending which may impact this case.

*Laura Peters, et. al., v. LandAmerica*, et. al., case No. CV11-04286 DSF (FFMx), assigned to Judge Selna, is a purported class action alleging Labor Code violations on behalf of Escrow and Title Officers, Assistants and Coordinators.

*Bruce Hay v. LandAmerica, et. al.,* is a purported class action alleging Labor Code violations on behalf of Escrow Officers, and is pending in County of Los Angeles Superior Court, Civil Center West, case no. BC 397455.

*Chris Chaffin v. LandAmerica* is a purported class action alleging Labor Code violations on behalf of Title Officers, and is pending in County of Los Angeles Superior Court, Civil Center West, case no. BC 381693.

1     *Kathy Postema v. Lawyers' Title Insurance Corporation* is a purported class action alleging Labor Code violations on behalf of Escrow and Title Officers and is pending in County of Orange Superior Court, case no. 30-2010-00418901-CU-OE-CXC.

**L. CONFLICTS:**

Chicago Title Insurance Company is a member of Defendant.

**M. PATENT CASES:**

Not applicable.

**N. MAGISTRATES:**

Plaintiffs consent to having a Magistrate Judge preside over all of the proceedings. Defendant does not consent to having a Magistrate Judge preside over all of the proceedings.

Dated: June 6, 2011      Law Offices of
Wagner & Jones, LLP

_____
By: Daniel M. Kopfman
Attorneys for Plaintiffs

Dated: June 6, 2011      Law Offices of
Ford & Harrison LLP

_____
By: Curtis A. Graham
Michelle Rapoport
Attorneys for Defendant

## PROOF OF SERVICE

I, Carolina Martis, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On June 6, 2011, I served a copy of the within document(s):

**JOINT RULE 26(f) REPORT**

[x] **ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

[ ] by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

[ ] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] by placing the document(s) listed above in a sealed Overnite Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an Overnite agent for delivery.

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| David R. Markham, Esq.<br>R. Craig Clark, Esq.<br>James M. Treglio, Esq.<br>Laura M. Cotter, Esq.<br>Clark & Markham LLP<br>600 B Street, Suite 2130<br>San Diego, CA 92101<br>Tel:  (619) 239-1321<br>Fax:  (619) 239-5888<br>Email: dmarkham@clarkmarkham.com<br>          cclark@clarkmarkham.com<br>          jtreglio@clarkmarkham.com<br>          lcotter@clarkmarkham.com | Attorneys for Plaintiffs:<br><br>[x] ***Registered participants of ECF.*** |

LA:105823.1

Case No. 8:11-CV-00247 JVS MLGx

| | | |
|---|---|---|
| 1 | Nicholas Wagner, Esq.<br>Andrew B. Jones, Esq.<br>Daniel M. Kopfman, Esq.<br>Law Offices of Wagner & Jones<br>111 E. Herndon, Suite 317<br>Fresno, CA 93720<br>Tel:   (559) 449-1800<br>Fax:  (559) 449-0749<br>Email: kschemen@wagerjones.com<br>         [Andrew Jones] | Attorneys for Plaintiffs<br><br>☒ *Registered participant of ECF.* |
| 7 | Walter Haines, Esq.<br>United Employees Law Group<br>65 Pine Ave., #312<br>Long Beach, CA 90802<br>Tel:   (877) 696-8378<br>Fax:  (562) 256-1006<br>Email: whaines@uelglaw.com<br>         admin@uelglaw.com | Attorneys for Plaintiffs<br><br>☒ *Registered participant of ECF.* |

   I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

   Executed on June 6, 2011, at Los Angeles, California.

_____
Carolina Martis