**THE MARKHAM LAW FIRM**
David R. Markham (SBN 071814)
Symphony Towers
750 B Street, Suite 1950
San Diego, CA 92101
Telephone: 619/615-2067
Facsimile: 619/399-3995

**LAW OFFICES OF**
**WAGNER & JONES LLP**
Nicholas J.P. Wagner (SBN 109455)
Andrew B. Jones (SBN 076915)
Daniel M. Kopfman (SBN 192191)
Lawrence M. Artenian (SBN 103367)
Paul C. Mullen (SBN 216447)
1111 E. Herndon, Ste. 317
Fresno, CA 93720
Telephone: 559/449-1800
Facsimile: 559/449-0749

Attorneys for Plaintiffs

*List of Counsel Continued on Next Page*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BURDA, an individual, LAUREL HESS, an individual, an individual, CANDEE ERWIN, an individual, SHIRLEY PALAZZO, an individual, JOYCE SCHEMEL, an individual, and LORI CALLISON, an individual on behalf of themselves, and all persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FIDELITY NATIONAL MANAGEMENT SERVICES, LLC., a Delaware limited liability company doing business in the State of California, and DOES 1 through 100, Inclusive. <br><br> Defendants. | Case No. 8:11-cv-00247 JVS MLGx <br><br> Assigned to Judge V. Selna <br><br> **CLASS ACTION** <br><br> **MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT TO ALLOW NEW PLAINTIFFS TO INTERVENE** <br><br> Date: March 18, 2013 <br> Time: 1:30 p.m. <br> Dept: 10C |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND, OR ALTERNATIVELY, FOR INTERVENTION**

1

2   **CLARK LAW FIRM**
R. Craig Clark (SBN 129219)600 B
3   Street, Suite 2130
San Diego, CA 92101
4   Telephone: 619/ 239-1321
Facsimile:  619/ 239-5888
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR LEAVE TO AMEND, OR
28   ALTERNATIVELY, FOR INTERVENTION**

# I. <u>INTRODUCTION</u>

This case, filed as a class action alleges that Defendants violated sections of the California Labor Code and the Unfair Competition Law for, among other things, having its escrow and title officers and their assistants work overtime without compensation, work without taking meal breaks, not paying employees for working during meal breaks, and violating the law regarding paystub violations.

On December 19, 2012, the Court denied Plaintiffs' Motion for Class Certification without prejudice, finding that Plaintiffs' overtime claim and meal and rest period claims lacked commonality. While Plaintiffs will seek class certification on certain claims regarding wage statements, they nonetheless sought to inform members of the putative Class that their claims for overtime, missed meal periods, and missed rest periods, would not be heard by the Court as a class action. Thereafter, some 110 individuals have come forward to seek redress of their claims for unpaid overtime, and meal period penalties. These individuals, through Plaintiffs' counsel, now seek leave of the Court to intervene in the action, so that their voices may be heard.

Because the claims of these Proposed Plaintiff-Intervenors are substantially similar to those asserted by the Plaintiffs, neither the Court nor the Defendant will be substantially prejudiced by their inclusion. Indeed, their intervention in this action will allow the Court and the Defendant to dispose of 107 claims against the Defendant at one time. Thus, intervention is the most judicially efficient way to proceed.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND, OR ALTERNATIVELY, FOR INTERVENTION**

1

Plaintiffs and Plaintiff-Intervenors thus respectfully request the Court grant their motion.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

This is a action brought under sections 201, 202, 203, 226, 551 and 552 of the California Labor Code, section 17200 et seq. of the Business & Professions Code, and the Private Attorney General Act of 2004 (California Labor Code sections 2699 et seq.) . The putative Class consists of escrow and title officers and escrow and title assistants who were employed by Defendants in the State of California.

On December 19, 2012, the Court denied without prejudice, Plaintiffs Motion for Class Certification.

After the Court denied class certification without prejudice on December 13, 2012, Plaintiffs' counsel became concerned that with the Court's ruling on class certification, the claims of the putative and/or absent class members would no longer be tolled. As fiduciaries of the putative class[1], Plaintiffs' counsel did not want any putative class member to not be able to assert claims because he or she was relying on the pendency of this class action.

Thus, acting upon this fiduciary obligation, on December 26, 2012, the law firm of Wagner & Jones, acting in concert with its co-counsel sent a letter to the all persons identified by Fidelity as Class Members. In the letter, which is attached at Exhibit "A" to the Declaration of Nicholas Wagner, Plaintiffs' counsel

---

[1] Because the Court denied the motion for class certification without prejudice, Plaintiffs will refile their motion on class certification, though in a more limited fashion. As a result, Plaintiffs' counsel remain fiduciaries of the putative class.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND, OR ALTERNATIVELY, FOR INTERVENTION**

2

sought to inform the putative class members that the Court denied class certification, and that, as stated in <u>American Pipe & Construction Co. v Utah</u>, 414 U.S. 538 (1974), the statute of limitations on their claims would no longer be tolled.

Plaintiffs' counsel followed up that letter with a phone call to each and every putative class member, also informing the putative class members that, as a result of the Court's decision, the statute of limitations on their potential claims was no longer tolled. Thereafter, some 110 individuals requested to join the action as Plaintiffs, or Plaintiff-Intervenors, so as to assert their claims against the Defendant. Plaintiffs' counsel are also aware of at least one putative class member who has obtained outside counsel as a result of their efforts.

The putative class members who have decided to pursue their claims and wish to joint this action or file their own action are: Mark Adams, Andrea Adinolfi, Laurie Aiello, Roxanna Akin, Rachel Alexson, Cindy Anderson, Maureen Anderson, Shirley Baca, Lynda Bacon, Carol Bell, Frank Berumen, Kimberly Betts, Angela Bier, Kim Bitter, Tesssa Borgerdin, Luann Bryson, Jamie Buchanan, Holly Burgan, Janet Buzarellos, Laura Canedo, Jewel Carbone, Robert Co, Linda Collins, Lynette Collins, Collette Cooper, Stacey Cooper, Dorothy Crockett, Theeresa Cushing, David De La Mora, Tiana Del Rio, Jenna DiMartini, David Michael Duong, Kimberly Fields, Vivian Flores, Shiemese Flowers, Linda Fraley, Lory Friedrich, John Fritze, Rochelle Garcia, Roseann Garza, Moira Geraghty, Stephanie Goldie, Gillian Gomez, Julia Ann Grest, Julia Gruzell, Crystal Hall, Kristine Harden, Rodger Harp, Kelly

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND, OR ALTERNATIVELY, FOR INTERVENTION**

3

Harvick, Idemie Hardwood, Marguerite Heath, Margaret Heppell, Laura Higgins, Jill Hirayama, James Holly, Jennifer Husok, Jacqueline Javier, Karen Kolender, Jenny Lane, Joe Lardieri, Becky Larson, Sandi Lathim, Kristina Lawson, Richard Lisi, Christina Lively, Sandra Lopez, Melissa Lovato, Yaolin Lu, Angie Martinez, Frances Menicucci, Candy Mersai, Anna Mesko, Pamela Mindrup, Annie Mitchell, Sandra Mitchell, Tracy Moore, Dorothy Murphy, Yvonne Nguyen. Krista Oliver, Karen Owczarczak, Pamela Perry, Kristine Poole, Jessica Rankin, Roxanne Reader, Rhonda Renzema, Nicole Ringham, Louie Rochin, Victoria Roe, Cindy Rudberg, Teodoro Sanchez, Nathan Scharton, Rebecca Scott, Heather Shiffer, Jodi Smith, Linda Smith, Leticia Stock, Glen Swan, Shavon Tate, Laurie Torres, Janice Treanor, Susan Trujillo, Patricia Underwood, Angela Valee, Charlene Valencia, Yolanda Vallejo, Priscilla Velarde, Ana Vizcarra, Tiffany Vose, Adelle Zarate.

All of these above mentioned putative class members have engaged Plaintiff's counsel, Wagner & Jones, the Markham Law Firm and the Clark Law Firm to represent them for their claims against Defendant.

Plaintiffs' now seek the inclusion of these 110 additional individuals as Plaintiffs, or Plaintiff-Intervenors in this action.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND, OR ALTERNATIVELY, FOR INTERVENTION**

4

### III.    ARGUMENT

## A.    IN THE INTEREST OF JUSTICE, THE COURT SHOULD ALLOW THE ADDITION OF NEW PLAINTIFFS

### 1. The Court Should Allow the Plaintiffs' Complaint to Be Amended to Add the New Proposed Plaintiffs

The Court should exercise its discretion and permit the Plaintiffs to amend their complaint to add the new plaintiffs. Federal Rules of Civil Procedure Section 15(a) provides that:

> [A] party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

FED. R. Civ. P. 15(a).

In making this motion, plaintiffs follow the intervention procedure described in <u>American Pipe & Construction Co. v. Utah</u>, 414 U.S. 538 (1974). In <u>American Pipe</u>, a putative class of various governmental entities sued a pipe manufacturer for antitrust violations. The district court denied class certification on the grounds that the proposed class lacked sufficient numerosity under Rule 23. The district court's subsequent denial of a motion to intervene brought by putative class members was reversed, the Supreme Court holding that the statute of limitations was tolled from the filing of the class action until the certification motion was resolved. In this motion, certain members of the putative class in this case seek to intervene to protect their claims against defendant for violation of the labor laws.

---

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND, OR ALTERNATIVELY, FOR INTERVENTION**

5

The United States Supreme Court and the Ninth Circuit have interpreted this clause to require that courts liberally allow amendments to pleadings unless they are offered in bad faith, cause prejudice to the opposing party, are futile, or cause undue delay. Foman v. Davis, 371 US 178, 182 (1962) ("leave to amend shall be freely given where justice so requires"); DCD Programs, Ltd v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) ("Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality").

Amendments to complaints that add or substitute class representatives or new plaintiffs have been liberally allowed in California. There is no reason the Court should not allow this amendment. It will not prejudice the defendants, who are already on notice of the facts in the complaint. It is not futile, as it will strengthen the representation of the present putative class and allow these individuals to pursue the claims if the class is not eventually certified. See Foman v. Davis, 371 U.S. 178, 182 (1962); Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1989).

Furthermore, as a matter of public policy, the amendment should be allowed and the case should continue forward. "When the underlying facts or circumstances relied upon by the plaintiff may be a proper subject of relief," absent a very persuasive reason to deny an amendment to a pleading, the plaintiff "ought to be afforded an opportunity to test his claims on the merits." Foman, 371 U.S. at 182. Here, the Plaintiffs have very serious and substantial claims. The proposed Plaintiff-Intervenors, should be permitted to reach the merits of the procedural and substantive issues in the case. For those reasons the amendment should be granted, and the case should be allowed to proceed.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR LEAVE TO AMEND, OR
ALTERNATIVELY, FOR INTERVENTION

6

## B. THE COURT SHOULD ALLOW THE PROPOSED PLAINTIFF-INTERVENORS TO INTERVENE IN THIS ACTION

In the event the Court's deems amendment appropriate, the Court should allow the proposed Plaintiff-Intervenors to intervene in this action under the Federal Rule of Civil Procedure 24.

### 1. These New 110 Plaintiff-Intervenors Have a Right to Intervene in This Action Because Their Interests May Not Be Adequately Represented Without Intervention

The rules of intervention should be liberally construed by the courts in favor of the party seeking intervention. <u>Sw. Ctr. for Biological Diversity v. Berg,</u> 268 F.3d 810, 818 (9th Cir. 2001). The court must allow parties to intervene when to deny it might impede their ability to assert their rights and may result in inadequate representation. FED. R. Civ. P. 24(a). The burden for showing this is low:

> The applicant-intervenor's burden in showing inadequate representation is minimal: it is sufficient to show that representation *may* be inadequate. In light of the Court's decision on class certification, there is in question that these 110 individuals need to intervene to assert their rights under California law.

### 2. Proposed Plaintiffs Should Be Permitted to Intervene Because They Have Common Claims and their Intervention Would Not Cause Undue Delay or Prejudice on the Existing Parties

Even if the Court does not grant intervention under the Federal Rule of Civil Procedure 24(a), the Proposed Plaintiff-Intervenors should still be permitted to intervene under the permissible intervention rule of Rule 24(b). Rule 24(b)

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND, OR ALTERNATIVELY, FOR INTERVENTION**

7

provides that a court may allow a party to intervene if they have a claim that shares a common question of law and fact and if their intervention will not cause undue delay or prejudice to the existing parties. In a class action context:

> Courts appear to be particularly amenable to permissive intervention when no additional issues are presented to the case, when the intervenor's claims are 'virtually identical' to these class claims, and when intervention would strengthen the adequacy of the representation.

Conte & Newberg, Newberg on Class Actions, 4th Ed., §16:8, p. 167-68. See O'Neil v. Marriot Corp, 34 Fed. R. Serv. 293 (4th Cir. 1982) (Permissive intervention should have been allowed in a class action when no additional issues would have been added to the case and intervenor's claims were "virtually identical" to class claims); Jones v. Blinziner, 536 F. Sup. 1181 (N.D. Ind. 1982); Epstein v. Weiss, 50 F.R.D. 387 (E.D. La. 1970); Deutschman v. Beneficial Corp., 132 F.R.D. 359 (D. Del. 1990) (permissive intervention may be used to bolster class representation); Lewis v. Gross, 663 F. Supp. 1164 (E.D. N.Y. 1986), (intervention was appropriate when because it "adds diversity to the group of class representatives and enhances the likelihood that many different aspects of the class identity will be reflected.")

Here, there is no question that the proposed plaintiff's suffered the same harm as alleged in Plaintiff's complaint, and by allowing them to intervene, the Court can maintain the schedule the Court set for this action because there would be no change in counsel.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND, OR ALTERNATIVELY, FOR INTERVENTION**

8

### i. The Proposed Plaintiff-Intervenors' claims rely on common issues of fact or law

An intervenor must have common claims that share common questions of fact and law with the existing parties. FED. R. Qv. P. 24 (b)(1); Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996). Here, the Proposed Plaintiff-Intervenors, share the common claims of the Putative Class and all worked for the Defendant in California and suffered the same or similar damages as alleged in the Complaint within the class period. Thus, they are members of the putative Plaintiff Class with claims that can be resolved in this action.

### ii. The intervention will not cause undue delay or prejudice

An intervention must not cause undue delay or prejudice any original party. FED. R. Civ, P. 24(b)(3). The Ninth Circuit, for example, has made exceptions to its usual policy of liberally allowing intervention when a party sought intervention after five years of litigation in an action and after a stipulated judgment had been entered, or when applicant-intervenors offered no other reason for their delayed intervention than to thwart a settlement. County of Orange v. Air California, 799 F.2d 535, 538 (9th Cir. 2007); Sarrassat v. Sullivan, No. 89-16326 (9th Cir. 1992), Here, the new representative's intervention will not cause undue delay, but rather will allow the case to move forward on schedule with the existing, experienced Plaintiff Counsel. Nor will the intervention prejudice the rights of the Defendants. This intervention is not being sought to thwart any proceeding, but rather will permit the parties to continue with the case pursuant to the agreed upon schedule, with the same attorneys, representing

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND, OR ALTERNATIVELY, FOR INTERVENTION**

plaintiffs with the same claims.

### IV. CONCLUSION

For the reasons discussed above, the Court should allow the amendment of the complaint to add new Plaintiffs to Intervene.

DATED:  February 12, 2013                    LAW OFFICES OF
                                             WAGNER & JONES LLP


                                             _____
                                             Nicholas Wagner

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR LEAVE TO AMEND, OR
ALTERNATIVELY, FOR INTERVENTION**

10

## PROOF OF SERVICE

*James Burda et al. v. Fidelity National Management Services, LLC*
U.S.D.C., C.D. Cal., Case No.:  8:11-cv-00247 JVS MLGx

I am employed in the State of California, County of Fresno; I am over the age of 18 years and not a party to the above-entitled case.

On February __, 2013, I served the within document described as **MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT TO ALLOW NEW PLAINTIFFS TO INTERVENE** on the interested parties in this action by  placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Curtis A. Graham, Esq.<br>Michelle Rapoport, Esq.<br>Richard L. Scott, Esq.<br>FORD & HARRISON LLP<br>350 South Grand Avenue, Suite 2300<br>Los Angeles, CA  90071<br>Telephone:  213/237-2400<br>Fax:  213/237-2401<br>Email:  mrapoport@fordharrison.com<br>        cmartin@fordharrison.com | R. Craig Clark, Esq.<br>James M. Treglio, Esq.<br>Laura M. Cotter, Esq.<br>600 B Street, Suite 2130<br>San Diego, CA  92101<br>Telephone: 619/239-1321<br>Fax: 619/236-5888<br>Email:  dmarkham@clarkmarkham.com<br>        cclark@clarkmarkham.com<br>        jtreglio@clarkmarkham.com<br>        lcotter@clarkmarkham.com |
| Walter Haines, Esq.<br>UNITED EMPLOYEES LAW GROUP, PC<br>65 Pine Avenue #312<br>Long Beach, CA  90802<br>Telephone:  562/256-1047<br>Fax:  562/256-1006<br>Email:  whaines@uelglaw.com<br>        ajschaum@uelglaw.com | Dave Markham<br>THE MARKHAM LAW FIRM<br>750 "B" Street, Suite 1950<br>San Diego, CA  92101<br>Telephone:  619/399-3995<br>Fax:  619/615-2067<br>Emails:  dmarkham@markham-law.com<br>        cmills@markham-law.com |

[✓]   **(BY ELECTRONIC ACCESS)**  pursuant to the Electronic Filing General Order 08-02 and Local Rule 5-4, I hereby certify that the above documents were uploaded to the ECF website and will be posted on the Website by the close of the next business day at the webmaster will give e-mail notification to all parties.

[ ]   **(BY E-MAIL)** In addition to service by mail as set forth above, I caused such document to be delivered by e-mail to the e-email addresses above.

[ ]   **(BY MAIL)** by placing the envelopes for collection and mailing on the date and at the address shown below, and following our ordinary business practices.  I am completely familiar with Wagner & Jones' practice of collection and processing correspondence for mailing pursuant to which the envelopes would be deposited with the United States Postal Service the same day in the ordinary course of business.

1  [ ]   **(BY OVERNIGHT MAIL SERVICE)** by placing the envelope for collection following
2        our ordinary business practices for collection and processing correspondence for mailing
        by express or overnight mail.

3  [ ]   **(BY FACSIMILE)** In addition to service by mail as set forth above, the person(s) by
        whose name an asterisk is affixed, was also forwarded a copy of said documents by
4       facsimile.

5  [ ]   **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the
        offices of the addressee.

6
        I declare under penalty of perjury under the laws of the State of California that the
7  foregoing is true and correct. Executed on February 12, 2013, at Fresno, California.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28