1   Curtis A. Graham, Bar No. 215745
    Michelle Rapoport, Bar No. 247459
2   FORD & HARRISON LLP
    350 South Grand Avenue, Suite 2300
3   Los Angeles, CA  90071
    Telephone:  (213) 237-2400
4   Facsimile:  (213) 237-2401
    E-mail:      cgraham@fordharrison.com
5                    mrapoport@fordharrison.com

6   Attorneys for Defendant
    FIDELITY NATIONAL MANAGEMENT
7   SERVICES, LLC

8                 UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

10

11  JAMES BURDA, an individual,          Case No. 8:11-CV-00247 JVS MLGx
    LAUREL HESS, an individual, LORI     Judge:  Hon. James V. Selna
12  CALLISON, an individual, CANDEE
    ERWIN, an individual, SHIRLEY        **DEFENDANT'S REPLY BRIEF IN
13  PALAZZO, an individual, JOYCE        SUPPORT OF MOTION FOR
    SCHEMEL, an individual, on behalf of SANCTIONS AND TO
14  themselves, and all persons similarly DISQUALIFY PLAINTIFFS'
    situated,                            COUNSEL, THE MARKHAM
15                                        LAW FIRM, THE LAW OFFICES
                    Plaintiffs,           OF WAGNER & JONES, LLP, THE
16                                        CLARK LAW FIRM, AND THE
    v.                                    UNITED EMPLOYEES LAW
17                                        GROUP**
    FIDELITY NATIONAL
18  MANAGEMENT SERVICES, LLC, a          Date:    March 18, 2013
    Delaware limited liability company   Time:    1:30 p.m.
19  doing business in the State of        Place:   Courtroom 10C
    California, and DOES 1 through 100,
20  Inclusive,                           [Filed concurrently with
                                         (1) Defendant's Objections To
21                  Defendant.            Evidence Cited By Plaintiffs In
                                         Support of Motion for Sanctions and to
22                                        Disqualify Plaintiffs' Counsel; and
                                         (2) Declaration of Anaelia DeLuca in
23                                        Support of Defendant's Motion for
                                         Sanctions and to Disqualify Plaintiffs'
24                                        Counsel

25                                        Date:    March 18, 2013
                                         Time:    1:30 p.m.
26                                        Place:   Courtroom 10C

27                                        Pretrial Conference: Nov. 18, 2013
                                         Trial: December 3, 2013
28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:137647.2

REPLY BRIEF IN SUPPORT OF MOTION FOR
SANCTIONS AND TO DISQUALIFY

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Castaneda v. Burger King Corp.*, 2009 U.S. Dist. LEXIS 69592 (N.D. Cal. 2009) ................................................................. 5, 6

*In re Countrywide Financial Corp. Mortgage-Backed Securities Litigation*, 2012 U.S. Dist. LEXIS 60776 (C.D. Cal. March 9, 2012) ......................................................................................... 8

*Eastwood Insurance Services, Inc.*, 235 F. Supp. 2d 1082 (C.D. Cal. 2002) ........................................................................................ 6

*G-K Prop. v. Redevelopment Agency of San Jose*, 577 F.2d 645 (9th Cir. 1978) ..................................................................................... 14

*Harry A. v. Duncan*, 330 F. Supp. 2d 1133 (D. Mont. 2004) ...................... 11

*Kaufman v. American Family Mutual Insurance Co.*, 601 F.3d 1088 (10th Cir. 2010) ............................................................................. 5

*Kleiner v. First National Bank*, 751 F.2d 1193 (11th Cir. 1985) ................. 16

*Ohralik v. Ohio State Bar Association*, 436 U.S. 447 (1978) ....................... 5

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) ................................. 4, 11

*Valley Eng'rs v. Electric Engineering Co.*, 158 F.3d 1051 (9th Cir. 1998) ............................................................................................ 14

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001) ............................................................................................ 14

## STATE CASES

*Atari, Inc. v. Superior Court*, 166 Cal. App. 3d 867 (1985) ....................... 5, 6

*Forrest v. Baeza*, 58 Cal. App. 4th 65 (1997) .......................................... 16

*Hernandez v. Vitamin Shoppe Industries Inc.*, 174 Cal. App. 4th 1441 (2009) ......................................................................................... 6, 7

*Kitsis v. The State Bar*, 23 Cal. 3d 857 (1979) .......................................... 4

*Mills Land & Water Co. v. Golden West Refining Co.*, 186 Cal. App. 3d 116 (1986) ................................................................................. 16

*Parris v. Superior Court*, 109 Cal. App. 4th 285 (2003) ............................. 11

///

///

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:137647.2

- i -

REPLY BRIEF IN SUPPORT OF MOTION FOR
SANCTIONS AND TO DISQUALIFY

# TABLE OF AUTHORITIES
(continued)

Page

## FEDERAL STATUTES

Fed. R. Civ. P. 16(f) ................................................................. 14

Fed. R. Civ. P. 23(c)(1) ............................................................ 8

Fed. R. Civ. P. 23(d) ................................................................ 7

REPLY BRIEF IN SUPPORT OF MOTION FOR
SANCTIONS AND TO DISQUALIFY

# TABLE OF CONTENTS

Page

I. SUMMARY OF ARGUMENT ....................................................................... 1

II. PLAINTIFFS' COUNSEL'S DESPICABLE BEHAVIOR IS
REVEALED IN A RECENT PHONE MESSAGE THEY SENT TO A
CURRENT EMPLOYEE AND FORMER PUTATIVE CLASS
MEMBER .................................................................................................... 2

III. PLAINTIFFS' COUNSEL'S EXCUSES ARE INSUFFICIENT .................. 3

    A. Free Speech Rights are Not Implicated Here ......................................... 4

    B. Plaintiffs' Counsel Never Represented Any Class ................................. 5

    C. Plaintiffs' Counsel Feign Concern About Malpractice Claims ............. 6

    D. Just Because The Court Is Authorized To Contact Former
    Putative Class Members Does Not Mean Plaintiffs' Counsel Are
    Free To Unilaterally Do So As Well ....................................................... 7

IV. PLAINTIFFS' COUNSEL VIOLATED THE COURT'S ORDER .............. 7

    A. Plaintiffs' Counsel Overstepped the Scope of the Court's Order ......... 7

    B. The Court's Orders Have No Effect in Plaintiffs' Counsel's
    Eyes ......................................................................................................... 9

V. PLAINTIFFS' COUNSEL VIOLATED STATE BAR RULE 1-400 .......... 10

    A. Rule 1-400 Applies Without Exception Here ....................................... 10

    B. Plaintiffs' Counsel's Communications Violated Rule 1-400 .............. 11

VI. SANCTIONS REMAIN APPROPRIATE .................................................... 14

    A. This Court Should Issue Monetary Sanctions ..................................... 14

    B. Further Corrective Sanction Orders Are Appropriate .......................... 15

VII. DISQUALIFICATION IS NECESSARY ..................................................... 16

VIII. CONCLUSION ............................................................................................ 17

## I.  SUMMARY OF ARGUMENT

Plaintiffs' counsel admit to committing virtually all of the conduct described in Defendant's Motion.  All they offer in response is an opposition brief designed to "reinterpret" their behavior, this Court's Orders, and the law.  Plaintiffs' counsel even hired an "expert" to purportedly guide this Court's understanding of black letter law and its own Orders.

But Plaintiffs' counsel fail to justify their wanton disregard for this Court's orders and the Rules of Professional Conduct.  Contrary to the excuses now provided with their Opposition, the voicemails Plaintiffs' counsel left for Defendant's employees demonstrate that they intended nothing but solicitation all along.

Let nothing in Plaintiffs' Opposition distract the Court from these simple, undisputable facts:

- Plaintiffs' counsel have never legally represented more than six individuals with respect to the claims alleged in this action.

- Plaintiffs' counsel obtained contact information for thousands of Defendant's current and former employees for the expressly limited and conditional purpose of determining class certification elements in this case.

- This Court decided last December that class treatment is inappropriate, thus ending the class allegations and any reason for using the contact information.

- Plaintiffs' counsel nevertheless then used that contact information—without informing Defendant or this Court—to surreptitiously solicit Defendant's current and former employees to become their clients and assert their own new claims against Defendant.

- The only claims remaining in this action are those of six individuals, yet Plaintiffs' counsel insist they still have the right to use the conditionally-disclosed class contact information however they see fit, including for their own personal financial gain.

Plaintiffs' counsel not only abused the conditionally-disclosed class contact information via misleading and unsolicited letters and phone calls, they now assert a pretext that these solicitations were only a "notice" and boldly claim that their conduct, unfettered by the hassle of getting the Court's prior permission, is *commendable* rather than despicable. The fact that Plaintiffs' counsel portray their knowing, improper actions as "commendable" only serves to bolster the propriety of disqualification here.

## II.   PLAINTIFFS' COUNSEL'S DESPICABLE BEHAVIOR IS REVEALED IN A RECENT PHONE MESSAGE THEY SENT TO A CURRENT EMPLOYEE AND FORMER PUTATIVE CLASS MEMBER

After filing the current Motion, Defendant learned of a voicemail that Plaintiffs' counsel left for one of its current employees on January 23, 2013. Plaintiffs' counsel Janine Renee Menhennet, an attorney at The Markham Firm, left the following message for former putative class member Anaelia Deluca:

> Hi. My name is Janine Menhennet. I'm an attorney in San Diego *representing employees of Fidelity* who were not properly compensated overtime. We believe Miss DeLuca might be eligible to recover some back overtime pay. *We're trying to put some money in your pocket*. If you could put -- give me a call at (619) 399-3995, I would appreciate it. Thank you.

(Declaration of Anaelia Deluca, Ex. A, Recorded Voicemail Message From Janine Renee Menhennet To Anaelia Deluca January 23, 2013, emphases added.)

Contrary to their rhetoric, the voicemail from Plaintiffs' counsel's fails to provide any "notice" of the denial of class certification, any mention of the statute of limitations, any effort to dispel "false impressions," or any other benign reason for the contact beside plain greed.  Similarly, the voicemail included no clarification that Plaintiffs' counsel do not represent the recipient, no instruction that the telephone call was a solicitation, that the recipient could contact other

1    counsel, or that there was any possibility that "money" will never arrive because

2    there may not actually be any liability.  In fact, it is this information *missing* from

3    the voicemail that reveals why Plaintiffs' counsel's excuses are disingenuous.

4          The voicemail above makes it sound like Ms. Menhennet *already* represents

5    the recipient and is just attempting to deliver an undisclosed amount of bounty she

6    captured.  This, of course, is false, as Ms. Deluca is not represented by Plaintiffs'

7    counsel and never initiated any contact with Plaintiffs' counsel.  (Deluca Decl.,

8    ¶¶ 3-4.)  Plaintiffs' counsel also has not obtained any money whatsoever from

9    Defendant, neither on Ms. Deluca's behalf nor any other employee, former or

10   current.

11         The voicemail is nothing more than a shameless solicitation designed to

12   ambulance-chase Defendant's employees for Plaintiffs' counsel's own financial

13   benefit.  Accordingly, Plaintiffs' counsel's "notice" argument proffered in defense

14   of the letter they sent to former putative class members (Wagner Decl. Ex. 1) can

15   only be considered a fabricated pretext.

16   **III.    PLAINTIFFS' COUNSEL'S EXCUSES ARE INSUFFICIENT**

17         Plaintiffs' counsel admit to all of the facts supporting Defendant's Motion,

18   but pose four weak excuses for using the conditionally-disclosed contact

19   information of Defendant's current and former employees after the class action

20   allegations expired: (1) Plaintiffs' counsel have a constitutional free speech right to

21   use the conditionally-disclosed contact information; (2) Plaintiffs' counsel "had a

22   prior professional relationship" with all former putative class members;

23   (3) Plaintiffs' counsel were concerned about malpractice claims against them; and

24   (4) the Court is authorized to notify putative class members of denial of class

25   certification, so surely Plaintiffs' counsel must be authorized to unilaterally do so as

26   well.  Plaintiffs also insist that they never violated the Court's Order because their

27   actions were made in pursuit of the "instant action," which makes no sense as

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:137647.2                              - 3 -                    REPLY BRIEF IN SUPPORT OF MOTION FOR
                                                                 SANCTIONS AND TO DISQUALIFY

1    shown below.[1]

2    ## A.    Free Speech Rights are Not Implicated Here.

3    Plaintiffs misunderstand Defendant's argument and the obvious thrust of the

4    Court's order.  There is no unconstitutional "gag order" at play here, as if the Court

5    had ordered Plaintiffs' counsel not to communicate with certain people.  Rather, the

6    Court ordered Defendants to disclose class contact information (which Plaintiffs'

7    counsel did not have previously) to Plaintiffs' counsel on the condition that

8    Plaintiffs' counsel's *use* of that contact information would be limited to the class

9    claims herein.

10    Plaintiffs raised no such constitutional concerns at the time the Court ordered

11    disclosure of the contact information with the attendant condition.  Nevertheless,

12    Plaintiffs' counsel violated the conditional limitation on the use of class contact

13    information *after* the class aspect of the case expired by using that information to

14    solicit clients to bring new claims.  Plaintiffs' citation to Gulf Oil and other "gag

15    order" cases is a red herring.

16    If Plaintiffs' counsel argue that they have a constitutional right to contact

17    class members however they see fit using contact information conditionally

18    obtained through discovery, then they also belatedly argue that the Court's order of

19    conditional disclosure of contact information was unconstitutional.  In any event,

20    the First Amendment does not reach as far as Plaintiffs' counsel would like.  Seattle

21    Times Co. v. Rhinehart, 467 U.S. 20, 32 (1984) ("A litigant has no First

22    Amendment right of access to information made available only for purposes of

23    trying his suit"); see also Kitsis v. The State Bar, 23 Cal.3d 857, 863 (1979)[2]

24    ---

[1] Plaintiffs also submitted a second brief on these issues in the form of an "expert
25    declaration" of an attorney apparently hired by Plaintiffs.  Defendant will not
address the substance of that second brief, other than to note its objection to the
26    chicanery of submitting what is in sum and substance a legal brief as "evidence"
without even citing to any such "expert evidence" in their main opposition brief.

27    [2] Plaintiffs' counsel's attempt to distance themselves from misrepresentations by
their "legal assistant" (Opp. p. 19 fn. 2) smacks of the use of "runners and cappers"
28    as noted and punished in Kitsis.  An attorney is responsible for the actions of those

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:137647.2                    - 4 -                    REPLY BRIEF IN SUPPORT OF MOTION FOR
                                                        SANCTIONS AND TO DISQUALIFY

1  (noting with respect to attorney solicitations, "[t]he state does not lack power to

2  regulate commercial activity, deemed contrary to public welfare, simply because

3  speech is a component of such activity") (citing <u>Ohralik v. Ohio State Bar Ass'n</u>,

4  436 U.S. 447 (1978)).

5       A court has power to condition disclosure of information and to sanction

6  attorneys who abuse the information and use it for other purposes.  <u>Kaufman v.</u>

7  <u>American Family Mutual Ins. Co.</u>, 601 F.3d 1088 (10th Cir. 2010) (sanctioning

8  attorney who violates a discovery order by using class contact information to solicit

9  new clients); <u>see also</u> <u>Atari, Inc. v. Superior Court</u>, 166 Cal.App.3d 867, 871 (1985)

10  (suggesting that plaintiffs' communication with class members can be limited

11  where "an improper form of solicitation of litigation or clientele" is at issue).

12       **B.    Plaintiffs' Counsel Never Represented Any Class.**

13       Plaintiffs' counsel speak of former putative class members as though they

14  were Plaintiffs' counsel's own clients.[3]  Plaintiffs' counsel did not represent the

15  class because no class was certified.  <u>Castaneda v. Burger King Corp.</u>, 2009 U.S.

16  Dist. LEXIS 69592, *14 (N.D. Cal. 2009) ("Rule 23 pre-certification

17  communication is permissible because no attorney-client relationship yet exists");

18  <u>Atari, Inc. v. Superior Court</u>, 166 Cal.App.3d 867 (1985) (noting that pre-

19  certification contacts are permitted by both parties and that class members cannot

20  be deemed represented by counsel before the class is certified).

21       Prior to December 19, 2012, both Plaintiffs' counsel and Defendant's counsel

22  were permitted to contact putative class members for the purpose of litigating

23  whether the Court should certify a class.  If Plaintiffs' counsel had already

24  represented them prior to December 19, 2012, obviously Defendant's counsel

25  whom they engage, including the unethical actions of the non-attorneys they hire to

26  solicit business. <u>Kitsis</u>, 23 Cal.3d at 866-67.

27  [3] The *former* putative class members are referred to in Plaintiffs' papers simply as
"putative class members" and as "current <u>or</u> former putative class members."

28  Plaintiffs' Counsel fails to see that where certification is denied, there are no longer
any putative class members.  All of them are *former* putative class members.

1   would not have been able to contact the putative class members because they would

2   have been represented parties.[4]   Id.; see also Hernandez v. Vitamin Shoppe

3   Industries Inc., 174 Cal.App.4th 1441, 1459 (2009).

4       There is no "prior professional relationship" between Plaintiffs' counsel and

5   the former putative class members.

6   **C.   Plaintiffs' Counsel Feign Concern About Malpractice Claims.**

7       Plaintiffs' counsel claim that they are concerned about malpractice claims

8   and assert that they had a duty to send the letter to their "clients."  As noted in the

9   foregoing section, the former putative class members were not "clients," or they

10  would not have been fair game for contact by Defendant as stated in multiple

11  authorities.  See, e.g., Castaneda, 2009 U.S. Dist. LEXIS 69592, *14 (citing Parks

12  v. Eastwood Ins. Servs., Inc., 235 F.Supp.2d 1082, 1084 (C.D. Cal. 2002)).[5]

13      Still, if Plaintiffs' counsel was really concerned solely with malpractice

14  liability and determined that the class members should be notified of the denial of

15  class certification, *they would have asked the Court to do so under Rule 23(d)*.

16  That would have discharged any civil duty on their part, put to rest any concerns

17  about liability, *and followed the orders of the Court*.  Further, if their intentions

18  were honorable, then why ignore their meet and confer obligations?  Why have they

19  continued to refuse to provide the contact list this Court ordered them to keep?

20      In short, malpractice concerns are no excuse for violating the Court's orders

21  because Plaintiffs' counsel had avenues for abiding by both but instead chose to

22  violate an order for their own gain.

23

24

25  [4] Rules of Professional Conduct prohibit attorneys from directly contacting another
    represented party.  Cal. R. Prof. Conduct 2-100.

26  [5] Plaintiffs' counsel admits as much in paragraph 10 of the Jones Declaration ("the
27  Court did not assign us as class counsel and create a true attorney-client
    relationship"), though their other counsel seem to erroneously think that *Defendant*
28  itself does not have the right to contact its own employees prior to certification.
    (Clark Decl., ¶ 12 fn. 1.)

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:137647.2          - 6 -          REPLY BRIEF IN SUPPORT OF MOTION FOR
                                    SANCTIONS AND TO DISQUALIFY

**D.     Just Because The Court Is Authorized To Contact Former Putative Class Members Does Not Mean Plaintiffs' Counsel Are Free To Unilaterally Do So As Well.**

Plaintiffs note at some length that the Court is authorized to notify putative class members of the denial of class certification under Rule 23(d), and that the Court is required to notify actual class members of class decertification.

Plaintiffs then leap from the cases affirming the Court's inherent authority to the conclusion that *they also* must have such authority, and that they need not even inform the Court before they have taken its duties upon themselves.  It should go without saying that the Court's inherent powers to control class action litigation and order class notices under Rule 23(d) belong only to the Court and do not extend to the attorneys.  See Fed. R. Civ. P. 23(d) ("the *court* may issue orders...") (emphasis added); see also Hernandez v. Vitamin Shoppe Industries Inc., 174 Cal.App.4th 1441, 1455 (2009) ("Rather than disclose his financial interest in their joining [plaintiff's counsel's putative class action], [plaintiff's counsel] characterized himself, rather than the court, as the protector of the class. *It is difficult to imagine a more inappropriate 'end run around the court's supervisory powers.'*") (emphasis added).

The Court issues Rule 23 notice orders and the attorneys must follow them, not vice versa.

## IV.   PLAINTIFFS' COUNSEL VIOLATED THE COURT'S ORDER

### A.     Plaintiffs' Counsel Overstepped the Scope of the Court's Order

Plaintiffs' counsel plainly violated the Court's Order of April 25, 2012 and their arguments to the contrary make no sense.  Plaintiffs' counsel claim that they limited their use of contact information to "the instant case" by inviting former putative class members to hire them and intervene in "the instant case".

In the first place, this argument essentially concedes that Plaintiffs' counsel was **not** permitted to use the contact information the Court provided them to initiate new cases or to aid other existing cases.  Thus, Plaintiffs' counsel acknowledge the

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:137647.2                            - 7 -                    REPLY BRIEF IN SUPPORT OF MOTION FOR
                                                               SANCTIONS AND TO DISQUALIFY

1   conditional limitation on the disclosure of contact information, notwithstanding

2   their "free speech" and "malpractice" arguments urging otherwise.

3      Secondly, in acknowledging the limitation against using contact information

4   for new cases, Plaintiffs have chosen to take new claims (i.e. wage claims that are

5   not class claims and not claims brought by the named Plaintiffs—which pertain

6   only to the named Plaintiffs' employment) and shoe-horn them into the "instant

7   litigation". Voila! Plaintiffs' counsel have thus (in their eyes) brought new cases,

8   but managed to find a way to pursue them in the "instant litigation," supposedly

9   justifying pursuit of new claims with information disclosed solely for the "instant

10  litigation" *of six named plaintiffs*. Plaintiffs' counsel's gimmicky ploy to pursue

11  new cases, disguised as new claims, as part of the "instant litigation" by converting

12  the "instant litigation" of six litigants into a mass action with 116 plaintiffs is

13  remarkably unconvincing.

14     Indeed, Plaintiffs' counsel concede as much by telling former putative class

15  members in written communications that "the statute of limitations [on your claims]

16  began running on December 19, 2012." (Wagner Decl. Ex. 1.) The denial of class

17  certification cut off the putative class members from any possible further benefit of

18  this action and Plaintiffs' counsel know it, but they knowingly violated the Court's

19  order anyway.

20     Thus, contrary to Plaintiffs' claims, the "instant litigation" is no longer a

21  class action and the statute of limitations is running on all strangers to this

22  litigation. See Fed. R. Civ. P. 23(c)(1), advisory committee's note to 1966

23  amendment (order denying class certification "strips [the suit] of its character as a

24  class action"); In re Countrywide Financial Corp. Mortgage-Backed Securities

25  Litigation, 2012 U.S. Dist LEXIS 60776 at *19 (C.D. Cal. March 9, 2012) (once

26  class certification is denied, case loses its "putative class action" character).

27     If Plaintiffs wanted to resurrect a dead class action, there were procedural

28  mechanisms for doing so, *e.g. the appellate process*. Since those procedural

mechanisms have not been followed (not that there would even be grounds for doing so) and the time limit for doing so has expired, the class action remains dead as ordered by the Court, notwithstanding Plaintiffs' counsel's psychological state of denial. Indeed, Plaintiffs' counsel have conceded as such by seeking to turn the case into a mass action instead of a class action. The class action is dead.

**B.    The Court's Orders Have No Effect in Plaintiffs' Counsel's Eyes**

Plaintiffs' counsel protest that they should be permitted to contact former putative class members – despite the Court's parameters – in an effort to resurrect the class allegations and reverse the Court's order denying certification. This would render the Court's order denying certification and its limitation on use of the contact information nullities.

Plaintiffs' counsel's argument is essentially that they have no limitation, that regardless of the denial of class certification, they can *always and forever* continue using former putative class members' private contact information to contact them. What a perfect scenario for a brazen plaintiff's lawyer. Once the lawyer asserts a class allegation against a company, then he or she can forever use the confidentially disclosed contact information in the case to troll for new clients among the company's employees, without restriction, limitation, or end.

The law, thankfully, precludes such a ridiculous result. The Court ordered Plaintiffs' counsel to restrict their use of contact information to the elements of class certification, and the Court thereafter issued an Order denying class certification. That ended the permissible use of the information.

Unfortunately, however, the Court's orders have no effect in the eyes of Plaintiffs' counsel, and this Court should put an end to their misconduct.

///

///

///

///

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:137647.2                              - 9 -                    REPLY BRIEF IN SUPPORT OF MOTION FOR
                                                                 SANCTIONS AND TO DISQUALIFY

# V.    PLAINTIFFS' COUNSEL VIOLATED STATE BAR RULE 1-400

## A.    Rule 1-400 Applies Without Exception Here

Additionally and as noted in Defendant's Motion, Rule 1-400 prohibits attorneys from soliciting any prospective client with whom there is no family or prior professional relationship, unless the solicitation is constitutionally protected from abridgment.  Cal. R. Prof. Conduct 1-400(C).[6]  Rule 1-400 also prohibits an attorney from making any *communication **or** solicitation*[7] that (1) is misleading; (2) is false, deceptive, or which tends to confuse, deceive, or mislead the public; or (3) fails to indicate clearly, expressly, or by context that it is a solicitation.  Cal. R. Prof. Conduct 1-400(D).

This is an independent ground of Defendant's motion.  Whether Plaintiffs' counsel violated the Court's Order is independent of whether they violated Rule 1-400, and by the terms of Rule 1-400, a communication need not even be a solicitation to violate the rule.

As shown above, Plaintiffs' counsel had no "prior professional relationship" with the former putative class members.  Were it otherwise, Defendant's counsel would have been prohibited from contacting them as represented parties by Rule of Professional Conduct 2-100.

Plaintiffs' counsel cannot create a "prior professional relationship" by unilaterally bringing a class action on a stranger's behalf.  There is no evidence that, prior to Plaintiffs' counsel's recent letter to the former putative class members, any (let alone all) of the class members had any relationship whatsoever with Plaintiffs' counsel.  Plaintiffs' counsel's letter to the former putative class members cannot credibly be described as a letter to thousands of people with whom counsel

---

[6] The California Rules of Professional Responsibility are expressly applicable to the Central District of California Federal Court under Local Rule 83-3.1.2.

[7] Any suggestion that Plaintiffs' counsel did not "solicit" the recipients of the letter because the communication was merely written communication rings hollow, given the unsolicited phone calls to the recipients of the letter.

1    had a "prior professional relationship." <u>Harry A. v. Duncan</u>, 330 F. Supp. 2d 1133,

2    1141 (D. Mont. 2004) ("an attorney-client relationship cannot be created

3    unilaterally by the attorney . . .").

4         Moreover, despite claiming the free speech exception in Rule 1-400 for their

5    particular solicitations, Plaintiffs' counsel fails to establish that a right to free

6    speech encompasses a right to abuse information provided for a limited purpose.

7    One of the reasons for limiting Plaintiffs' counsel's use of contact information was

8    to protect the *class members'* constitutional right of privacy. <u>See</u> <u>Parris v. Superior</u>

9    <u>Court</u>, 109 Cal.App.4th 285, 300-301 (2003) ("the trial court must also expressly

10   identify any potential abuses of the class action procedure that may be created if the

11   discovery is permitted, and weigh the danger of such abuses against the rights of the

12   parties under the circumstances").

13        Plaintiffs' counsel have acknowledged the limited purpose for disclosure.

14   They have done nothing to show that solicitations delivered via the use of private

15   information obtained despite constitutional rights of privacy are automatically and

16   absolutely protected by First Amendment principles—in spite of the class

17   members' constitutional rights. Plaintiffs' counsel cannot avail themselves of the

18   constitutional exception in Rule 1-400 because they are subject to another

19   constitutional limitation inherent in the information they used. <u>See</u> <u>Seattle Times</u>,

20   467 U.S. at 32 (First Amendment right of access inapplicable to information made

21   available only for purposes of trying suit).

22        Moreover, regardless of whether the letter was a protected solicitation, Rule

23   1-400(d) prohibits *all communications* that are misleading, false, deceptive, or

24   confusing.

25   **B.**     **<u>Plaintiffs' Counsel's Communications Violated Rule 1-400</u>**

26        Plaintiffs' counsel's letter to the former putative class members (Wagner

27   Decl. Ex. 1) was patently false and deceptive. At the very least it was confusing

28   and misleading to its recipients and failed to indicate in any manner that it was a

1   solicitation or advertisement.   It included no such honest disclosure and even

2   requested class members who intended to file their own lawsuit to nevertheless

3   contact Plaintiffs' counsel as well, which can only be described as a benefit to

4   Plaintiffs' counsel, not the recipient of the letter.  If the recipients were planning to

5   file their own suit, one wonders why Plaintiffs' counsel would also want those

6   recipients to contact Plaintiffs' counsel unless they intended to solicit them as

7   clients.

8       Plaintiffs' counsel's excuses for their letter at best justify bits and pieces of

9   the letter, not the entirety of the communication.   For instance, if the letter is

10  justified on the ground that former putative class members needed to be "notified"

11  of the denial of class certification, why did Plaintiffs' counsel include success

12  stories from their past litigation experience?   Their letter includes numerous

13  disturbing statements:

14  • Plaintiffs' counsel misrepresented to the former putative class members that

15      money was "owed" to them by Defendant;

16  • Plaintiffs' counsel averred that the recipients "may join [this] case along with

17      all the other individuals who have so far joined the case" even before making

18      a request to the Court or receiving any input from the Court as to whether it

19      would grant such requests;

20  • Plaintiffs' counsel urged each recipient of the letter to "join this case or file

21      your own lawsuit" without any knowledge whether recovery is possible for

22      each or any recipient;

23  • Plaintiffs' counsel inappropriately promised future results based on past

24      experience to prosecute their claims; and

25  • Plaintiffs' counsel requested that former putative class members contact them

26      even if they planned to file their own lawsuits.

27  Plaintiffs' counsel then followed up each letter with a solicitous phone call.

28  (Docket No. 172, 3:6-9.)

1   Plaintiffs' counsel spin this letter as a "clarification" that (1) denial of
2   certification does not mean the Court ruled that former putative class members'
3   claims lacked merit, (2) that Plaintiffs' counsel had already recovered wages in past
4   litigation, and (3) conveniently, Plaintiffs' counsel stood at the ready to assist them.
5   (See Declaration of Andrew Jones ¶¶ 7-9.)

6   This spin is unjustifiable because the letter Plaintiffs' counsel already sent to
7   former putative class members in June 2012 stated "in the event this case is not
8   certified as a class action and you are personally entitled to compensation, your
9   rights would not be lost; however, you would need to file your own individual
10  claim. . . ."  Plaintiffs' counsel essentially sent a new letter to "clarify" *itself* and
11  encourage new litigation and retention of Plaintiffs' counsel, ultimately amounting
12  to a circulatory justification of their recent letter.

13  Moreover, Plaintiffs' counsel unpersuasively attempt to recast the misleading
14  promises in their letter as "advocacy."  (Opposition, p. 22:26 ("it is impossible to
15  see the term 'owed' other than as advocacy").)  This is meritless.

16  Lawyers do not advocate *to* their clients (much less to potential clients via
17  solicitation), rather, lawyers advocate *for* their clients with courts and other parties.
18  Clients deserve sober legal advice, which is noticeably absent from Plaintiffs'
19  counsel's misleading *arguments* aimed at their supposed "clients".  The fact that
20  Plaintiffs' counsel deem it fit to argue their prospective clients into hiring them to
21  file a lawsuit is mind-boggling.

22  Moreover, Plaintiffs' counsel's letter surely does not even compare to the
23  confusing and misleading nature of Plaintiffs' counsel's *phone calls*, among them
24  the voicemail transcribed herein above.  That voicemail, which is only a taste of
25  Plaintiffs' counsel's strategy in initiating a phone blitz, blatantly violated Rule
26  1-400 in that it did not advise that the telephone call was an attorney solicitation.
27  Further, given the context, it was not clear that they did not yet represent the

28

1    recipient[8] and that there was no guarantee of future results.  The voicemail was thus

2    confusing and misleading to the non-attorney recipients.

3        The evidence overwhelmingly demonstrates Plaintiffs' counsel's violation of

4    Rule 1-400.

5    **VI.    SANCTIONS REMAIN APPROPRIATE**

6        **A.    This Court Should Issue Monetary Sanctions**

7        As noted in Defendant's opening brief, Federal Rules of Civil Procedure 16

8    and 37 authorize the Court to issue "just orders" for violation of its pretrial and

9    discovery orders.  Fed. R. Civ. P. 16(f) and 37(b)(1)(A); see also Valley Eng'rs v.

10   Electric Eng'g Co., 158 F.3d 1051, 1056 (9th Cir. 1998).  The Court need not find

11   bad faith to impose sanctions for violations of Rule 37, but the Ninth Circuit

12   encourages sanctions upon a finding of willful action in bad faith.  See Yeti by

13   Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001); G-K

14   Prop. v. Redevelopment Agency of San Jose, 577 F.2d 645, 647 (9th Cir. 1978).

15   Further, violation of the California Rules of Professional Responsibility may be the

16   basis for monetary sanction under Local Rule 83-3.1.2.

17       In this case, Plaintiffs' counsel violated the April 25, 2012 Order because

18   they abused the putative class list provided only on a conditional, limited basis.

19   Because the April 25, 2012 Order is both a pre-trial order and a discovery order,

20   this Court has authority pursuant to Rules 16 and 37 to award appropriate sanctions

21   against Plaintiffs' counsel.  Plaintiffs' counsel's unethical conduct also warrants

22   sanctions under Local Rule 83-3.1.2.

23       Thus, monetary sanctions against Plaintiffs' counsel are appropriate in the

24   amount of Defendant's attorneys' fees incurred in the course of bringing these

25   matters to the attention of the Court and any fees incurred in investigating the

26   ───────────────
     [8] Plaintiffs' counsel's assertion she currently "represent[s] employees of Fidelity" is
27   also questionable at best.  First, there is no class so she "represents" at most some
     small number of "employees of Fidelity," not all of them, and her message implies
28   she represents Fidelity employees *writ large*.  Second, in this action they represent
     only one current employee of Fidelity, the rest are former employees.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:137647.2                    - 14 -                REPLY BRIEF IN SUPPORT OF MOTION FOR
                                                    SANCTIONS AND TO DISQUALIFY

1   substance of Plaintiffs' counsel's oral communications with former putative class

2   members for any other improper solicitations.   Plaintiffs' counsel deserve the

3   financial burden created by their improper conduct.

4   **B.   Further Corrective Sanction Orders Are Appropriate**

5   This Court should also take remedial measures to prevent Plaintiffs' counsel

6   from profiting from their misconduct.   The harm has already been done.   If such

7   corrective action is not taken, Plaintiffs' counsel will reap a harvest of clients who

8   have been promised that Defendant "owe[s]" them money, causing Defendant to

9   expend more resources and fees defending against meritless claims.

10   Accordingly, in addition to disqualification and an order that Plaintiffs'

11   counsel cease and desist from soliciting former putative class members, a corrective

12   notice should be sent to all former putative class members[9] stating that Plaintiffs'

13   counsel does not represent them, that Plaintiffs' Counsel are prohibited from

14   initiating representation of them, and that they do not have to talk to Plaintiffs'

15   Counsel.

16   In addition, the Court should also issue an order enjoining Plaintiffs' counsel

17   from using the former putative class list for any purpose whatsoever, from

18   contacting any former putative class member without the prior approval of

19   Defendant, and from initiating representation of any former putative class member

20   for any claims against Defendant.

21   Finally, Defendant requests that this Court order Plaintiffs' counsel to

22   immediately file *under seal* with the Court and to disclose to Defendant the list of

23   former putative class members Plaintiffs' counsel has been in contact with

24   regarding this lawsuit since December 19, 2012, as well as all written

25

---

26   [9] Defendant acknowledges that an exception may be appropriate for former putative
class members who signed retainer agreements with Plaintiffs' Counsel *prior to*

27   December 19, 2012, provided that such retainer agreements were signed voluntarily
and free from prior coercion or misrepresentation by counsel's solicitations, and

28   that Defendant will be able to examine whether they were improperly influenced.

1  communications exchanged between Plaintiffs' counsel and such former putative

2  class members.

3  **VII.   DISQUALIFICATION IS NECESSARY**

4       As noted in Defendant's opening brief, "[t]rial courts in civil cases have the

5  power to order disqualification of counsel when necessary for the furtherance of

6  justice." <u>Mills Land & Water Co. v. Golden West Refining Co.</u>, 186 Cal.App.3d

7  116, 126 (1986).  The paramount concern is "the preservation of the public trust in

8  the scrupulous administration of justice and the integrity of the bar." <u>Forrest v.</u>

9  <u>Baeza</u>, 58 Cal.App.4th 65, 73, (1997).[10]   A violation of rules of professional

10  conduct may serve as the basis for disqualification.  <u>Kleiner v. First Nat'l Bank</u>,

11  751 F.2d 1193, 1209 (11th Cir. 1985); <u>see also</u> Central District Local Rule 83-3.1.2.

12       A cursory review of Plaintiffs' counsel's conduct demonstrates the propriety

13  of disqualification.  They misappropriated information obtained during discovery to

14  troll for new clients.   They violated Rule 1-400 by not identifying their

15  communications as attorney solicitations, misrepresenting several key aspects of the

16  case, and lying by claiming that money was "owed" to them by Defendant.  They

17  inappropriately promised future results based on past experience, even

18  misrepresenting that the subject of the phone call was simply a matter of Plaintiffs'

19  counsel "putting money in the pockets" of the recipients of those communications.

20       Plaintiffs' counsel should not be permitted to profit from such egregious

21  conduct, and the only means to prevent that is disqualifying Plaintiffs' counsel from

22  representing any former putative class members (not including the six named

23  Plaintiffs herein).

24       Because Defendant does not seek to disqualify Plaintiffs' counsel from

25  representing the named Plaintiffs, it defies common sense for Plaintiffs to suggest

---

[10] Additionally, this is not a case where having "the counsel of one's choice" bears any weight.  The six named Plaintiffs in this action will keep the counsel of their choice.  Strangers to the action contacted recently by Plaintiffs' counsel may pursue their own other counsel for any claims they may believe they have.

1    that Defendant has not demonstrated "any form of continuing effect on this

2    litigation." Plaintiffs' counsel has already demonstrated the "continuing effect" by

3    filing a motion to add 110 new plaintiffs to this action. If the addition of 110 new

4    plaintiffs will not have a "continuing effect on this litigation," it is difficult to

5    imagine what would.

6    **VIII.  CONCLUSION**

7         For all the foregoing reasons, Defendant respectfully requests that this Court

8    grant the instant motion and requested relief, including 1) monetary sanctions in the

9    amount of at least $6,000 to Defendant; 2) an order enjoining Plaintiffs' counsel

10   from retaining, using, or disclosing the putative class list provided pursuant to the

11   April 25, 2012 Order for any purpose whatsoever; 3) an order requiring Plaintiffs'

12   counsel to immediately file *under seal* with the Court and to disclose to Defendant

13   the list of individuals who have been contacted in connection with this lawsuit since

14   December 19, 2012; 4) an order requiring Plaintiffs' counsel to immediately file

15   *under seal* with the Court and to disclose to Defendant all communications

16   exchanged with these individuals; and 5) an order disqualifying Plaintiffs' counsel

17   from representing any individual who formed an attorney-client relationship as a

18   result of contact initiated after December 19, 2012.

19

20   Dated: March 4, 2013             Respectfully submitted,

21                                                  FORD & HARRISON LLP

22

23                                        By:_____

24                                              Curtis A. Graham

                                           Michelle Rapoport

25                                              Attorneys for Defendant

                                           FIDELITY NATIONAL

26                                              MANAGEMENT SERVICES, LLC

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:137647.2                 - 17 -                 REPLY BRIEF IN SUPPORT OF MOTION FOR
SANCTIONS AND TO DISQUALIFY

**PROOF OF SERVICE**

I, Sherri Corr Mattera, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On March 4, 2013, I served a copy of the within document(s):

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS AND TO DISQUALIFY PLAINTIFFS' COUNSEL, THE MARKHAM LAW FIRM, THE LAW OFFICE OF WAGNER & JONES, LLP, AND THE CLARK LAW FIRM**

☒ **ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed Overnite Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an Overnite agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

David R. Markham, Esq.
R. Craig Clark, Esq.
James M. Treglio, Esq.
Laura M. Cotter, Esq.
Clark & Markham LLP
600 B Street, Suite 2130
San Diego, CA 92101
Tel:  (619) 239-1321
Fax:  (619) 239-5888
Email: dmarkham@clarkmarkham.com
        cclark@clarkmarkham.com
        jtreglio@clarkmarkham.com
        lcotter@clarkmarkham.com

Attorneys for Plaintiffs:

☒ *Registered participants of ECF.*

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:137647.2

REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS AND TO DISQUALIFY

Nicholas J.P. Wagner, Esq.
Andrew B. Jones, Esq.
Daniel M. Kopfman, Esq.
Law Offices of Wagner & Jones LLP
1111 E. Herndon, Suite 317
Fresno, CA 93720
Tel:   (559) 449-1800
Fax:   (559) 449-0749
Email:  kschemen@wagerjones.com
          [Andrew Jones]

Attorneys for Plaintiffs

☒ *Registered participant of ECF.*

Walter Haines, Esq.
United Employees Law Group
65 Pine Ave., #312
Long Beach, CA 90802
Tel:   (877) 696-8378
Fax:   (562) 256-1006
Email:  whaines@uelglaw.com
          admin@uelglaw.com

Attorneys for Plaintiffs

☒ *Registered participant of ECF.*

David R. Markham, Esq.
THE MARKHAM LAW FIRM
750 B. Street, Suite 1950
San Diego, CA 92101

dmarkham@markham-law.com
Tel:   (619) 399-3995
Fax:   (619) 615-2067

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 4, 2013, at Los Angeles, California.

Sherri Corr Mattera

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:137647.2

REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS AND TO DISQUALIFY