UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00247-JVS (MLGx) | Date | March 25, 2013 |
| Title | James Burda, et al. v. Fidelity National Management Services, LLC, et al. | | |

Present: The Honorable   James V. Selna

| Nancy Boehme | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) **Ruling on: (1) Motion for Sanctions and to Disqualify Plaintiffs' Counsel;
(2) Motion to Amend Complaint to Allow New Plaintiffs to Intervene**

On February 12, 2013, Plaintiffs James Burda, Laurel Hess, Lori Callison, Candee Erwin, Shirley Palazzo, and Joyce Schemel (collectively, "Plaintiffs") filed a Motion to Amend Complaint to Allow New Plaintiffs to Intervene. (Docket Nos. 172, 173.) On February 15, 2013, Defendant Fidelity National Management Services, LLC ("Fidelity") filed a Motion for Sanctions and to Disqualify Plaintiffs' Counsel.[1] (Docket No. 175.) On February 25, 2013, Fidelity filed an opposition to Plaintiffs' motion (Docket No. 177) and Plaintiffs filed an opposition to Fidelity's motion (Docket No. 179). On March 4, 2013, Fidelity filed a reply in support of its motion[2] (Docket No. 183) and Plaintiffs filed a reply in support of their motion (Docket No. 184).[3]

---

[1] Unless otherwise noted, "Plaintiffs' Counsel" refers to all counsel of record for Plaintiffs: the Markham Law Firm, the Law Offices of Wagner & Jones, LLP ("Wagner & Jones"), the Clark Law Firm, and the United Employees Law Group.

[2] Fidelity also filed Objections to Evidence Cited by Plaintiffs in Support of their Opposition to Defendant's Motion for Sanctions and to Disqualify Plaintiffs' Counsel. (Docket No. 183-1.) The Court strikes the Karpman Declaration because it consists almost entirely of legal argument. L.R. 7-7 ("Declarations shall contain only factual, evidentiary matter . . . .").

[3] On March 11, 2013, Fidelity filed a Request for Permission to File Surreply in Response to Plaintiffs' Reply re Motion to Amend Complaint to Allow New Plaintiffs to Intervene. (Docket No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00247-JVS (MLGx) | Date | March 25, 2013 |
| Title | James Burda, et al. v. Fidelity National Management Services, LLC, et al. | | |

## I. Background

The Court and the parties are familiar with the underlying facts of this case. Therefore, the only facts provided herein are those relevant to the instant motions.

On April 25, 2012, the Court issued an Order Granting in Part and Denying in Part Defendant's Motion for Review of Magistrate Judge's March 6, 2012 Discovery Ruling, whereby Magistrate Judge Goldman ordered Fidelity to produce the contact information of all putative class members (the "putative class list"). ("April 25 Order," Docket No. 113.) To protect the privacy interests of the putative class members, the Court imposed the following limitations on the use of their contact information:

> Counsel for Plaintiffs shall advise each contacted putative class member that he or she has the right not to talk to counsel and that if that right is exercised, counsel will immediately terminate the contact and not re-contact the individual. Furthermore, counsel will keep a list of all individuals contacted and preserve that list so it may be filed with the Court upon request. Finally, <u>none of the contact information shall be used for any purpose outside of this litigation</u> and will not be disseminated to any third party under any circumstances.

(<u>Id.</u> at 6 (emphasis added).)

On September 11, 2012, Fidelity filed its first Motion for Sanctions and to Disqualify Plaintiffs' Counsel.[4] (Docket No. 135.) Fidelity argued that Wagner & Jones had violated the April 25 Order by (1) contacting employees after they had stated they did not wish to be interviewed, and (2) providing a copy of the putative class list to an individual who was not a party to this action. On November 5, 2012, the Court issued an

---

189.) The Court GRANTED the request because Plaintiffs raised several new arguments in their reply.

[4] Unlike the instant Motion for Sanctions and to Disqualify Plaintiffs' Counsel, Fidelity's first Motion for Sanctions and to Disqualify Plaintiffs' Counsel was directed only at Wagner & Jones.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-00247-JVS (MLGx)                Date  March 25, 2013

Title  James Burda, et al. v. Fidelity National Management Services, LLC, et al.

Order Denying Defendant's Motion for Sanctions and to Disqualify Plaintiffs' Counsel. (Docket No. 161.) The Court found that Butch Wagner of Wagner & Jones had violated the April 25 Order by providing a copy of the putative class list to Jenny Lane, who was not a party to the action, but concluded that his violation did not support the drastic remedy of disqualification. (Id. at 5.) However, the Court publicly reprimanded and censured Mr. Wagner. (Id.) The Court also ordered Wagner & Jones "to take all reasonable steps to recover the putative class list from any person it knows or reasonably suspects to be in unauthorized possession of the list, including without limitation Peggy Sue Lane and Jenny Lane." (Id.) Shortly thereafter, Wagner & Jones filed a declaration of compliance, as required by the Court. (Docket No. 163.)

On December 19, 2012, the Court issued an Order Denying Plaintiffs' Motion for Class Certification. ("December 19 Order," Docket No. 170.) The Court found that "common issues do not constitute such a significant aspect of this action to justify adjudicating it on a classwide basis," and that "class treatment would not be superior to individual suits as a means to adjudicate this dispute." (Id. at 13.) The Court made no determination, however, whether a further showing by Plaintiffs could warrant reconsideration of its December 19 Order. (Id. at 14.)

The Court will first address Fidelity's Motion for Sanctions and to Disqualify Plaintiffs' Counsel because it has an obvious bearing on Plaintiffs' Motion to Amend Complaint to Allow New Plaintiffs to Intervene.

## II. Motion for Sanctions and to Disqualify Plaintiffs' Counsel

Fidelity moves the Court for an order imposing sanctions against Plaintiffs' Counsel. Fidelity also moves the Court for an order disqualifying Plaintiffs' Counsel from representing any former putative class member with whom they formed an attorney-client relationship as a result of contact initiated after December 19, 2012 by any representative of Plaintiffs' Counsel. For the following reasons, the Court GRANTS the motion.

### A. Legal Standards

1. *Sanctions*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00247-JVS (MLGx) | Date | March 25, 2013 |
| Title | James Burda, et al. v. Fidelity National Management Services, LLC, et al. | | |

Rule 16 provides that "if a party or its attorney . . . fails to obey a scheduling or other pretrial order," the Court "may issue any just orders." Fed. R. Civ. P. 16(f). Rule 37 further provides that "[i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery," the Court "may issue further just orders." Fed. R. Civ. P. 37(b). An attorney who violates a court order may be sanctioned under Rule 37. Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 784 (9th Cir. 1983.) The Court "need not find bad faith before imposing sanctions for violations of Rule 37." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

      2.    *Disqualification*

This Court's authority to disqualify an attorney "derives from the power inherent in every court '[t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto.'" People ex rel. Dep't of Corps. v. Speedee Oil Change Sys., Inc., 20 Cal. 4th 1135, 1145 (1999) (alteration in original) (quoting Cal. Civ. Proc. Code § 128(a)(5)). Motions to disqualify involve a conflict between a client's right to his or her attorney of choice and the need to maintain ethical standards of professional responsibility. Id. The Court's "paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar." Id. Nevertheless, the potential for less-than-scrupulous lawyers to use motions to disqualify as tactical weapons requires courts to subject these motions to "particularly strict judicial scrutiny." Optyl Eyewear Fashion Int'l Corp. v. Style Cos., 760 F.2d 1045, 1050 (9th Cir. 1985).

  B.  **Discussion**

After the Court denied Plaintiffs' Motion for Class Certification, Plaintiffs' Counsel sent a letter, dated December 28, 2012, to every person on the putative class list. (Graham Decl. ¶ 28, Feb. 15, 2013, Docket No. 175-2; Wagner Decl. Ex. 1, Feb. 25, 2013, Docket No. 179-1.) Plaintiffs' Counsel also called several people on the list.[5]

---

[5] According to the Motion to Amend Complaint to Allow New Plaintiffs to Intervene, Plaintiffs' Counsel called "each and every putative class member." (Pls.' Mot. to Amend Compl. to Allow New Pls. to Intervene 3.) At oral argument, however, Plaintiffs' Counsel stated that they did not call everyone on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00247-JVS (MLGx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | James Burda, et al. v. Fidelity National Management Services, LLC, et al. | | |

(Graham Decl. ¶ 30; Pls.' Opp'n to Def.'s Mot. for Sanctions & to Disqualify Pls.' Counsel 7-8.) Based on the letters and phone calls, approximately 110 people requested that Plaintiffs' Counsel represent them in the pending litigation.[6] (Pls.' Opp'n to Def.'s Mot. for Sanctions & to Disqualify Pls.' Counsel 8.) Plaintiffs then filed the instant Motion to Amend Complaint to Allow New Plaintiffs to Intervene.

Fidelity argues that Plaintiffs' Counsel violated the April 25 Order by using the putative class list to solicit new clients. (Def.'s Mot. for Sanctions & to Disqualify Pls.' Counsel 7-10.) The Court agrees. Plaintiffs' Counsel sought the putative class list—and were granted access to it—only so they could attempt to substantiate Plaintiffs' class allegations. (See Docket Nos. 68, 70.) Once the Court denied Plaintiffs' Motion for Class Certification, the putative class ceased to exist. Fed. R. Civ. P. 23(c)(1) advisory committee note to 1966 amendment (explaining that when a court denies class certification, the "action should be stripped of its character as a class action"); In re Countrywide Fin. Corp. Mortgage-Backed Securities Litig., No. 2:11-ML-02265-MRP (MANx), 2012 U.S. Dist. LEXIS 60776, at *19 (C.D. Cal. Mar. 9, 2012) (recognizing that an action loses its characterization as a "putative class action" when the court denies class certification).

Plaintiffs' Counsel clearly intended to solicit the former putative class members as new clients with their letter.[7] The letter touts Plaintiffs' Counsel's prior success in "similar cases," explains that any work would be done on a contingency fee basis, and requests that any person who wishes to "join this case as a participant" and recover

---

putative class list.

[6] At oral argument, Plaintiffs' Counsel stated that 120 people have now requested representation.

[7] Plaintiffs contend that the letter does not constitute a "solicitation" under Rule 1-400 of the California Rules of Professional Conduct . (Pls.' Opp'n to Def.'s Mot. for Sanctions & to Disqualify Pls.' Counsel 18-23.) The Court need not make this determination. The sanctions imposed herein result from Plaintiffs' Counsel's violation of the April 25 Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-00247-JVS (MLGx)　　　　　Date  March 25, 2013

Title　　James Burda, et al. v. Fidelity National Management Services, LLC, et al.

money they are "owed" by Fidelity contact Plaintiffs' Counsel "immediately."[8] (Wagner Decl. Ex. 1.) This use of the putative class list violated the April 25 Order.

Plaintiffs argue that "[c]ase authority fully supports the right of Plaintiffs' counsel to notify putative class members of the right to intervene following denial of a motion to certify or issuance of an order decertifying a class action." (Pls.' Opp'n to Mot. for Sanctions & to Disqualify Pls.' Counsel 2.) Plaintiffs further argue that this right is protected by principles of free speech. (Id.) First, the authority that Plaintiffs cite establishes only that a district court may not routinely restrict communications between counsel and putative class members. Gulf Oil Co. v. Bernard, 452 U.S. 89 (1984); Domingo v. New England Fish Co., 727 F.2d 1429 (9th Cir. 1984). Here, the Court granted Plaintiffs' Counsel access to the putative class list and allowed communications for the purpose of determining whether the action should proceed as a class action. However, to protect the privacy interests of the putative class members, the Court placed reasonable limitations on Plaintiffs' Counsel's use of the putative class members' contact information. As the Tenth Circuit Court of Appeals explained in Kaufman v. American Family Mutual Insurance Co., 601 F.3d 1088, 1094 (10th Cir. 2010), a lawyer's solicitation of clients for remuneration is a form of commercial speech that may be constitutionally regulated.

Plaintiffs also cite Federal Rule of Civil Procedure 23(e), which requires the Court to direct notice to all members of a certified class when the claims, issues, or defenses of the class have been "settled, voluntarily dismissed, or compromised." Rule 23(e) does not apply here because the Court never certified a class.[9] Under Rule 23(d), the Court may

---

[8] A voicemail message from a representative of Plaintiffs' Counsel further shows their intent in contacting the former putative class members. (Deluca Decl. Ex. A, Docket No. 183-2.)

[9] At oral argument, Plaintiffs' Counsel referred repeatedly to Culver v. City of Milwaukee, 277 F.3d 908 (7th Cir. 2002). In Culver, the Seventh Circuit Court of Appeals explained that "[t]he judge's duty [under Rule 23(e)] is to order notice unless the risk of prejudice to absent class members is nil and to review for adequacy the form of notice proposed by class counsel in response to the order." Id. at 914. The Culver court suggested that Rule 23(e) should be applied when class certification is denied to protect the putative class members from the running of the statute of limitations. Id. at 913-14. The court also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00247-JVS (MLGx) | Date | March 25, 2013 |
| Title | James Burda, et al. v. Fidelity National Management Services, LLC, et al. | | |

issue an order notifying putative class members of an opportunity to intervene. Fed. R. Civ. P. 23(d)(1)(B)(iii). But the Court alone has discretion to determine whether to provide such notice.[10] Here, Plaintiffs' Counsel took it upon themselves to notify the former putative class members of an opportunity to intervene, and they did so to solicit new clients. Rule 23(d) does not support their conduct.

The Court notes that this episode comes on the heels of its prior reprimand and censure for improper use of information concerning putative class members.

The Court imposes the following sanctions on Plaintiffs' Counsel for their violation of the April 25 Order:
First, the Court awards to Fidelity all reasonable attorneys' fees and costs incurred in bringing the instant Motion for Sanctions and to Disqualify Plaintiffs' Counsel. Counsel for Fidelity shall submit a declaration and proposed order within ten days detailing its total amount of attorneys' fees and costs, supported by a lodestar showing.

Second, within ten days, Plaintiffs' Counsel shall file under seal with the Court a declaration that lists all former putative class members who have been contacted by any representative of Plaintiffs' Counsel since December 19, 2012. Plaintiffs' Counsel may supply any additional information they think may be helpful for the Court.

---

suggested that a class lawyer may contact class members following decertification without "bothering the district court." Id. at 914. Here, Plaintiffs' Counsel did not merely notify the former putative class members that the Court had denied class certification and that the statute of limitations was running; instead, they used the putative class list to solicit new clients. The Culver court did not deal with this situation. Furthermore, Rule 23(e) was amended after Culver to make clear that "class" refers only to a certified class. See Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment; see also Culver, 277 F.3d at 914 (acknowledging that "it [had] not yet [been] settled whether Rule 23(e) is applicable when a class action suit is dismissed before the class is certified").

[10] For this reason, Plaintiffs' Counsel's concern about committing malpractice by not notifying the putative class members of the opportunity to intervene, if honest, was unfounded. (See Pls.' Opp'n to Def.'s Mot. for Sanctions & to Disqualify Pls.' Counsel 21-22.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00247-JVS (MLGx) | Date | March 25, 2013 |
| Title | James Burda, et al. v. Fidelity National Management Services, LLC, et al. | | |

Third, Plaintiffs' Counsel is hereby disqualified from representing any former putative class member with whom they formed an attorney-client relationship as a result of contact initiated after December 19, 2012 by any representative of Plaintiffs' Counsel. The sanction of disqualification is appropriate because Plaintiffs' Counsel has shown a disregard for the Court's orders on two occasions now. The Court must preserve public trust in the integrity of the bar.[11]

Finally, within 30 days, Plaintiffs' Counsel shall send another letter to every person who received the letter dated December 28, 2012, stating that: (1) Plaintiffs' Counsel cannot represent them in the instant litigation, (2) they do not have to communicate with Plaintiffs' Counsel, and (3) they are free to seek other counsel. This letter shall be filed with the Court and provided to counsel for Fidelity no less than 10 days before being sent to the former putative class members.

Any further unauthorized use of the putative class list will be treated as contempt of this Court.

### C. Conclusion as to Motion for Sanctions and to Disqualify Plaintiffs' Counsel

For the foregoing reasons, Fidelity's Motion for Sanctions and to Disqualify Plaintiffs' Counsel is GRANTED.

## III. Motion to Amend Complaint to Allow New Plaintiffs to Intervene

---

[11] In Plaintiffs' Motion to Amend Complaint to Allow New Plaintiffs to Intervene, Plaintiffs' Counsel makes clear that Wagner & Jones acted "in concert with its co-counsel" in sending out the letter. (Pls.' Mot. to Amend Compl. to Allow New Pls. to Intervene 2.) That motion is signed by all of Plaintiffs' Counsel except for the United Employees Law Group. At oral argument, a representative of the United Employees Law Group claimed his firm was unaware of the letter or phone calls until served with the instant Motion for Sanctions and to Disqualify Plaintiffs' Counsel. It is not clear exactly what role the United Employees Law Group played in the misconduct, if any. Regardless, the firm should not benefit from the misconduct of its co-counsel. Therefore, this ruling applies to all of Plaintiffs' Counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00247-JVS (MLGx) | Date | March 25, 2013 |
| Title | James Burda, et al. v. Fidelity National Management Services, LLC, et al. | | |

Plaintiffs move the Court for leave to amend the Complaint to allow new plaintiffs to intervene. For the following reasons, the motion is DENIED.

As a preliminary matter, the Court denies the motion because Plaintiffs' Counsel did not meet and confer with counsel for Fidelity before filing the instant motion. L.R. 7-3. The Court expects the parties to abide by the Local Rules and will not tolerate future violations.

The Court would also deny the motion on its merits. According to Plaintiffs, "some 110 individuals have come forward to seek redress of their claims for unpaid overtime, and meal period penalties." (Pls.' Mot. to Amend Compl. to Allow New Pls. to Intervene 1.) As discussed supra, however, these people did not "come forward" seeking redress of their claims. Contrarily, Plaintiffs' Counsel violated the April 25 Order by using the putative class list to solicit former putative class members as new clients. Because the Court has disqualified Plaintiffs' Counsel from representing any former putative class member with whom they formed an attorney-client relationship as a result of contact initiated after December 19, 2012 by any representative of Plaintiffs' Counsel, the Court will not consider the instant motion. The individuals named in the motion are free to retain other counsel to pursue any claims they may have against Fidelity.

For the foregoing reasons, the motion is DENIED.

## IV. Conclusion

Fidelity's Motion for Sanctions and to Disqualify Plaintiffs' Counsel is GRANTED.

Plaintiffs' Motion to Amend Complaint to Allow New Plaintiffs to Intervene is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-00247-JVS (MLGx)                              Date  March 25, 2013

Title  James Burda, et al. v. Fidelity National Management Services, LLC, et al.

IT IS SO ORDERED.

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | nkb | | |